UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:15-CR-42-1-TLS |
| | ) | [1:18-CV-264] |
| | ) | |
| FREDDIE L. CHURCH, JR. | ) | |

**OPINION AND ORDER**

The Defendant, Freddie L. Church, Jr., is serving a sentence for attempting to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) and (b) (Count 3), and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 5). For purposes of the Count 5 § 924(c) conviction, the crime of violence was the attempted Hobbs Act robbery that was set forth in Count 3. The Defendant now seeks to vacate his conviction and sentence under § 924(c) [Motion for Relief Under 28 U.S.C. § 2255(f)(3), ECF No. 322]. The Defendant predicates his Motion on the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). He argues that attempted Hobbs Act robbery is not a crime of violence under the categorical approach.

The Government has filed a Response [ECF No. 330], arguing that *Dimaya* has no bearing on whether Hobbs Act robbery remains a crime of violence under § 924(c)'s elements clause, and thus does not extend the one-year filing deadline.

**ANALYSIS**

The Defendant's judgment of conviction was entered on May 10, 2017. He filed his Motion to Vacate on August 21, 2018. A motion filed under 28 U.S.C. § 2255 is subject to a one-year limitations period that runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Accordingly, a defendant seeking collateral review under § 2255 will have one year from the date on which his judgment of conviction is final to file his petition, *id.* § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005), or one year from three limited, alternative circumstances, 28 U.S.C. § 2255(f)(2)–(4). Here, subsection (f)(3) is the only subsection that could render the Defendant's Motion timely.

The problem for the Defendant is that his Motion is not based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *Dimaya* cannot be the source of that right. *Dimaya* did not involve § 924(c). It involved the materially identical 18 U.S.C. § 16(b), which is incorporated into the Immigration and Nationality Act's definition of the types of past criminal convictions that render an alien deportable after entering the United States. *Dimaya,* 138 S. Ct. at 1211. In finding § 16(b) unconstitutionally vague, the Court stated that "just like ACCA's residual clause, § 16(b) 'produces more unpredictability and arbitrariness than the Due Process Clause tolerates.'" *Dimaya*, 138 S. Ct. at 1223 (quoting *Johnson*, 135 S. Ct. at 2558). *Dimaya* did "not have anything to do with the elements clause" of § 924(c) or any other statute, "and § 2255(f)(3) therefore does not afford [him] a new one-year period to seek collateral relief on a theory that the elements clause does not apply to a particular conviction." *Stanley v. United States*, 827 F.3d

562, 565 (7th Cir. 2016) (holding that a conviction that the sentencing court counted as violent under the elements clause of the Sentencing Guidelines was outside the scope of *Johnson v. United States*, 135 S. Ct. 2251 (2015)).

Here, the Defendant was found guilty of carrying a firearm in relation to a crime of violence because attempted Hobbs Act robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). "Hobbs Act robbery is a 'crime of violence' within the meaning of § 924(c)(3)(A)." *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017)[1]; *see also United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017) (stating that "[b]ecause one cannot commit Hobbs Act robbery without using or threatening physical force, . . . Hobbs Act robbery qualifies as a predicate for a crime-of-violence conviction"). The Defendant could not have been found guilty of the attempted Hobbs Act robbery as charged in Count 3 of the Indictment unless he "specific[ally] intent[ed] to commit the full robbery" and took "a substantial step toward that end." *United States v. Muratovic*, 719 F.3d 809, 815 (7th Cir. 2013). Accordingly, his offense of conviction had, at the very least, the attempted or threatened use of physical force against the person or property of another, which is sufficient to put it squarely within the elements clause definition. The Defendant's reliance on cases involving only a conspiracy, as opposed to an attempt, to commit robbery are inapplicable to his Count 3 conviction.

---

[1] The Supreme Court later vacated the judgment in *Anglin*, 138 S. Ct. 126 (2017), and remanded the case to the Seventh Circuit for reconsideration of the sentence in light of *Dean v. United States*, 137 S. Ct. 1170 (2017). However, the Seventh Circuit has since observed that the Supreme Court's disposition of *Anglin* has not affected the portion of its ruling on the Hobbs Act. *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017). In *Fox*, the Seventh Circuit reaffirmed that "Hobbs Act robberies are crimes of violence under Section 924(c)(3)(A)." *Fox*, 878 F.3d at 574.

Because the Court considered the Defendant's conviction for attempted Hobbs Act robbery to be violent under the elements clause, § 924(c)(3)(A), and nothing in *Dimaya* creates a newly recognized right related to the elements clause, the Defendant's § 2255 motion is untimely.

**CERTIFICATE OF APPEALABILITY**

Under Rule 11(a) of the Rules Governing § 2255 proceedings, the Court issues or denies a certificate of appealability under 28 U.S.C. § 2253(c)(2) when it enters a final order adverse to the applicant. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

No reasonable jurists could debate whether the Defendant's Motion presents a viable ground for relief. *Dimaya* is not applicable and does not expand the statute of limitations. Accordingly, the Court declines to issue a certificate of appealability as to the Defendant's Motion.

## CONCLUSION

For the reasons stated above, the Defendant's Motion for Relief Under 28 U.S.C. § 2255(f)(3) [ECF No. 322] is DISMISSED. The Court declines to issue a Certificate of Appealability.

SO ORDERED on April 17, 2019.

     s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT